IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ROBERT STEVEN MIX                                                                                       PLAINTIFF

v.                                           Civil No. 06-5228

BENTON COUNTY PUBLIC DEFENDER'S
OFFICE; JAY SAXTON, Chief Public Defender;
and JEANETTE MCKINNEY, Public Defender                                      DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Robert Mix, filed this civil rights action on December 6, 2006. He proceeds pro se and in forma pauperis. The complaint is before the undersigned for a determination of whether it should be served on the defendants.

### BACKGROUND

Mix contends his constitutional rights were violated by Jay Saxton and Jeanette McKinney of the Benton County Public Defender's Office. He alleges that McKinney has "badgered" him with her "thoughts and opinions" concerning his guilt. Mix states that she has failed to fight for his innocence and exhibits behaviors that bias his case.

Mix alleges he is currently being held in the Benton County Jail. He seeks to have McKinney terminated and requests compensation for his mental anguish and depression resulting from McKinney's alleged ineffective representation.

### DISCUSSION

Mix's claims against Saxton, McKinney, and the Benton County Public Defender's Office are subject to dismissal. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show

that the alleged deprivation was committed by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled on other grounds). Generally, a public employee acts under color of state law while acting in his [or her] official capacity or while exercising his [or her] responsibilities pursuant to state law. *West v. Atkins,* 487 U.S. 42, 108 S.Ct. 2250, 2255-56, 101 L. Ed. 2d 40 (1988) (citations omitted). However, in *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L. Ed. 2d 509 (1981), the United States Supreme Court held that a public defender does not act under color of state law for purpose of 42 U.S.C. § 1983 when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Therefore, because plaintiff's complaint against Saxton, McKinney, and the Benton County Public Defender's Office is based on their performance of duties as public defenders, Mix's complaint must be dismissed.[1]

## CONCLUSION

I therefore recommend Mix's case be dismissed on the grounds the claims are not cognizable under § 1983. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time).

**Mix has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Mix is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

---

[1] It should be noted, however, that plaintiff may be able to seek relief under state tort law or federal habeas corpus proceedings.

DATED this 08th day of January 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)